RENDELL, Circuit Judge,
dissenting:
I see no reason to remand this case to the District Court and would affirm. As the Majority notes: “Schmidt did not dispute the applicability of the two-year statute of limitations and acknowledged that he filed suit more than two years after the relevant assets were sold.” (Maj.Op. 245.)[1] Schmidt’s main argument on appeal is that the District Court improperly con *254 sidered matters outside the record regarding the events in question in dismissing his case. This is a diversionary tactic, and is incorrect.
The District Court’s reference to documents in its opinion that demonstrate that Schmidt’s concession was correct, i.e., that all the events in question did occur prior to the requisite two-year period, was not necessary to the dismissal. Once Schmidt conceded his tardiness, the sole relevant issue was whether the discovery rule would save him, and the District Court determined, based on Schmidt’s own assertions, that it would not. Schmidt’s protestations and Majority’s extensive narrative as to what the Amended Complaint revealed are, therefore, a red herring and beside the point.
The District Court’s ruling was based on the fact that Schmidt failed to assert why, with the exercise of reasonable diligence, he could not have known of the injury, i.e., that the prices were too low, as the discovery rule requires. Dilworth v. Metro. Life Ins. Co., 418 F.3d 345, 349 (3d Cir.2005). The Majority makes passing reference to a weaker burden that Schmidt could actually satisfy, i.e., that he didn’t know the prices until later. But that is not the test or the burden. Schmidt has never come close to setting forth any facts as to why he, a very sophisticated investor, who kept himself aware of the value of these assets, could not have known, after the proxy statement revealed the dissolution plan in May 2009, that the sale prices — presumably available through some investigation — were inadequate.[2]
Indeed, before the District Court at oral argument, Schmidt’s counsel conceded that Schmidt received notice in 2010 of sales of certain assets previously owned by Genaera and that, for the next two years, “he was putting together all the facts and circumstances.” (App.1583a.) Before our panel at oral argument, Schmidt’s counsel insisted that the discovery rule applies because he did not “learn” of the Defendants’ alleged wrongdoing until 2011. That argument is insufficient because “a plaintiffs subjective knowledge is insufficient to invoke the discovery rule.” Vitalo v. Cabot Corp., 399 F.3d 536, 543 (3d Cir. 2005). In other words, “[mjistake, misunderstanding, or lack of knowledge in themselves do not toll the running of the statute.” Fine v. Checcio, 582 Pa. 253, 266, 870 A.2d 850 (2005). At oral argument, despite repeated questions, Schmidt did not provide any indication of what, if anything, he did by way of diligence, or any reason why he could not have learned of the alleged wrongdoing earlier.
A plaintiff, faced with a clear “miss” of the statute of limitations, must come forth with some basis for invoking the discovery rule. See Mest v. Cabot Corp., 449 F.3d 502, 511 (3d Cir.2006) (“the plaintiff attempting to apply the discovery rule bears the burden of demonstrating that he exercised reasonable diligence in determining the existence and cause of his injury.”). See also Hooker v. CitiMortgage, Inc., Civ. *255 09-973, 2012 WL 174967, at *3 (M.D.Pa. Jan. 20, 2012) (dismissing claims because “Plaintiff has failed to meet her burden of establishing equitable tolling because she has made no argument as to how she was reasonably diligent in investigating and bringing the instant claims.... ”); Haagensen v. Pennsylvania State Police, Civ. 08-727, 2009 WL 1437608, at *6 (W.D.Pa. May 21, 2009) (recommending dismissal because “Plaintiff bears the burden of demonstrating that these exceptions [discovery rule or equitable tolling] to the statute of limitations apply.”).
As the District Court explained in its opinion, “to toll the statute of limitations on every plaintiffs mere assertion that he needed time to put together all the facts and circumstances would eviscerate the very concept of a limitations period.” (Dist.Ct.Op.12.) “Although the purpose of the ‘discovery rule’ is to mitigate in worthy cases the harshness of an absolute and rigid period of limitations, the rule cannot be applied so loosely as to nullify the purpose for which a statute of limitations exists.” Ingénito v. AC & S, Inc., 430 Pa.Super. 129, 633 A.2d 1172, 1176 (1993). This is not a matter of consideration of matters outside the record; this is, instead, a matter of what a plaintiff who has failed to comply with the statute of limitations must do to satisfy the discovery rule.
Tellingly, Schmidt does not argue that there are facts he would have adduced if this matter had been treated, as he urges, as a motion for summary judgment.[3] I suggest there are none, and remand is therefore unnecessary. I would affirm.

. At oral argument before the District Court, Schmidt’s counsel acknowledged that "we missed the two-year period by a couple of weeks.” (App. 1576a.)

. In the Amended Complaint, Schmidt pled facts that actually undermined the applicability of the discovery rule. He stated that "[i]n 2009, Genaera had several valuable assets” including IL9, Pexiganan, and the Aminosterol Assets, and that “[t]hese were all valuable assets in which Genaera had invested large sums of money in their development over the previous decade.” (App.67a-68a.) He also stated that he “throughout the years has held many conversations with Genaera officers and directors concerning the Core Assets, their value and the prospects for their commercial exploitation and/or monetization.” (App.69a.) If he knew that the assets were so valuable and that they had been the subject of considerable investment over the previous decade, then surely he was on inquiry notice when he received the proxy statement indicating that Genaera was liquidating its shares for pennies on the dollar.

. I suggest that to tell District Court judges that, in deciding a motion to dismiss, they cannot take into account the concessions and candor of counsel at oral argument unless they first convert the motion to one for summary judgment is to exalt form over substance and waste judicial resources.